IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARTIN MAHER,                    )
                                 )
                Plaintiff,       )
                                 )
        v.                       )
                                 )   Civil Action No. 08-156J
MICHAEL J. ASTRUE,               )
COMMISSIONER OF                  )
SOCIAL SECURITY,                 )
                                 )
                Defendant.       )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this __30th__ day of September, 2009, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 15) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 12) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

%AO 72
(Rev. 8/82)

differently.   Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his application for DIB on May 27, 2005, alleging a disability onset date of April 30, 2004, due to a lower back injury. Plaintiff's application was denied initially. At plaintiff's request, an ALJ held a hearing on August 10, 2006. On November 7, 2006, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on February 11, 2008, making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 41 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has a high school education. He has past relevant work experience as a truck driver, stocker, warehouse laborer and forklift operator, but has not engaged in substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the

meaning of the Act. The ALJ found that although plaintiff suffers from the severe impairments of degenerative disc disease of the cervical spine and congenital narrowing of and injury to the lumber spine requiring surgery, those impairments, either alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4, Appendix 1.

The ALJ also found that plaintiff retains the residual functional capacity to engage in light work with numerous restrictions recognizing the limiting effects of his impairments. (R. 21). Taking into account these limiting effects, a vocational expert identified numerous categories of jobs at both the light and sedentary exertional levels[1] which plaintiff can perform based upon his age, education, work experience and residual functional capacity. Relying on the vocational expert's testimony, the ALJ found that although plaintiff cannot perform his past relevant work, he is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period

---

[1] Specifically, the vocational expert identified inside cashier and weigher or scales operator at the light exertional level, and order clerk and table worker at the sedentary exertional level. (R. 26).

of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[2] 20 C.F.R. §404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S. Ct. 376 (2003).

Here, plaintiff primarily challenges the ALJ's credibility determination. Specifically, plaintiff contends that: (1) the ALJ failed to consider plaintiff's long and productive work history in evaluating his credibility; and, (2) the ALJ's credibility determination was the result of his bias against social security claimants. Upon review, the court is satisfied that the ALJ's credibility determination is supported by substantial evidence.

---

[2]  The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §404.1520. See also Newell, 347 F.3d at 545-46.

Plaintiff first contends that the ALJ's credibility determination is flawed because he failed to consider plaintiff's long and productive work history. Plaintiff argues that as a claimant with a long work history he is entitled to enhanced credibility concerning his allegations of disabling pain. The court concludes that the ALJ properly evaluated plaintiff's credibility in accordance with the regulations.

A claimant's subjective complaints concerning his impairments must be supported by objective medical and other evidence. 20 C.F.R. §§404.1529(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999).

Here, the ALJ found that plaintiff's testimony concerning his impairments and their impact on his ability to work were "only partially credible" in light of his description of his daily activities and life style, the objective medical evidence of record and the treating source medical opinions regarding the severity of plaintiff's condition and functional limitations. (R. 23).

In assessing plaintiff's credibility, it is clear that the ALJ considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, his medications and the extent of his treatment, plaintiff's own statements about his symptoms and reports by his

physicians about his symptoms and how they affect him.  See 20 C.F.R. §§404.1529(c)(1)-(3); Social Security Ruling 96-7p.  The ALJ adequately explained the basis for his credibility determination in his decision (R. 22-25), and the court is satisfied that such determination is supported by substantial evidence.

Plaintiff's specific contention that the ALJ's credibility determination is flawed because he failed to consider plaintiff's long and productive work history is without merit.  Plaintiff is correct that the testimony of a claimant with a long, productive work history will be given substantial credibility concerning his work-related limitations, assuming those limitations also are supported by competent medical evidence.  See Dobrowolsky v. Califano, 606 F.2d 403, 409 (3d Cir. 1979).  And although a claimant's work history is one of many factors the ALJ is to consider in assessing an individual's subjective complaints, 20 C.F.R. §404.1529(c)(3), the ALJ is not required to equate a long work history with credibility.  See Christl v. Astrue, 2008 WL 4425817, *12 (W.D.Pa. Sept. 30, 2008).  Thus, a claimant's work history alone is not dispositive of the issue of credibility.

In this case, the ALJ clearly was aware of plaintiff's work history and referred to it when he determined that plaintiff could not perform his past relevant work.  (R. 25).  In addition, the ALJ questioned plaintiff about his work history at the hearing. However, in assessing plaintiff's credibility the ALJ considered the record as a whole, and based on his review of all of the

evidence, properly concluded that plaintiff's allegations of totally disabling pain were only partially credible. Accordingly, plaintiff's work history in and of itself is insufficient to overcome the substantial evidence supporting the ALJ's credibility determination.

Plaintiff's other argument is that the ALJ's adverse credibility determination was the result of his bias against social security claimants. In support, plaintiff points to the following as evidence of bias: (1) the ALJ's assertion that Dr. Johnson "changed the medical records"; (2) the ALJ's assertion that plaintiff's prior counsel and Dr. Johnson had a "personal consultation"; (3) the ALJ's allegation that plaintiff was abusing pain medications; and, (4) comments the ALJ made on a blog site. The court finds plaintiff's argument to be without merit.

Due process requires that social security claimants be afforded a full and fair hearing. Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995). Essential to a fair social security hearing is the right to an unbiased judge who fulfills his duty to develop a full and fair record. Id. An ALJ is presumed to be unbiased unless there is a specific showing for cause to disqualify. Schweiker v. McClure, 456 U.S. 188, 195 (1982). The burden to establish a disqualifying interest rests with the party asserting bias. Id. at 196. A party asserting bias must show that the behavior of the ALJ was "so extreme as to display clear inability to render fair judgment." Liteky v. United States, 510 U.S. 540, 551 (1994).

Here, the court is not convinced that any statements made by the ALJ in this case prevented plaintiff from receiving a full and fair hearing or indicated that the ALJ was unable to render a fair judgment. There is no indication that the ALJ failed to fully develop the record, that he questioned plaintiff in a coercive manner or that he interfered with the introduction of evidence concerning plaintiff's claim.

Moreover, the isolated comments to which plaintiff takes issue do not show that the ALJ was biased against plaintiff or his claim. First, the ALJ did not accuse plaintiff of abusing narcotic pain medication. The ALJ simply noted that plaintiff's own surgeon raised a concern about plaintiff's continuing use of such medications. (R. 25). Moreover, the ALJ's observation as to the "addictive qualities" of narcotic pain medications hardly qualifies as a "lay medical opinion" but rather is a statement of a commonly known fact that such medications potentially are addictive.

Second, the ALJ's statement that "Dr. Johnson evidently held a personal consultation with the claimant's attorney on June 29, 2006" (R. 24) is benign and wholly irrelevant, and does not in any way indicate a bias towards plaintiff or his claim.

Finally, the court finds no apparent bias in the ALJ's statement that Dr. Johnson "may have changed the medical records." This statement was made in the course of the ALJ's evaluation of a report filed by Dr. Johnson after the hearing. In evaluating this report, the ALJ determined that he "cannot in good conscience

give any weight" to the report because of what the ALJ perceived to be suspicious circumstances surrounding its preparation. The ALJ set forth in detail why he believed that the report was not entitled to weight (R. 24-25) and the court finds no evidence that the ALJ's explanation was colored by bias against plaintiff or his claim.

Plaintiff, however, maintains that all of the above statements do suggest bias when considered in the context of other statements that the ALJ made on a National Public Radio blog site called "Marketplace" in September of 2008. These statements are as follows:

> Occasionally-but rarely-do I see a claimant with an entirely fraudulent claim. The clear majority of the claimants who appear before me do have some physical or mental impairment. The real issue is whether that person can meet the definition of "disability" which was intentionally set very high by Congress to provide income to only those whose injuries/illnesses are very debilitating. **Unfortunately, that very high bar is approached with deception and falsification in many cases. Some doctors go overboard on diagnoses and treatment because they sense the "pot of gold" in having a fairly young patient (on Medicare for many years to come) with a reliable source of payment for constant treatment. Lawyers and other non-attorney representative[s] can receive fees as a percentage of the back benefits awarded to a claimant. Once a claimant has a legal representative, one can actually track how the alleged impairments become much worse, with new impairments and symptoms added as the case matures. A judge with some experience can almost recite verbatim the same story we hear from virtually EVERY claimant, suggesting they have received training from the national organization of the claimant's attorneys.** The government is complicit in this boondoggle, because the Social Security Administration actually publishes lists of symptoms for various impairments in the form of rules for judges to follow. Is it any wonder we hear those lists of symptoms at almost every hearing?

See Plaintiff's Brief in Support of Motion for Summary Judgment (Document No. 14) at 14-15 (emphasis added by plaintiff), quoting, http://marketplace.publicradio.org/display/web/2008/09/04/ss_backlog/.

However, the general comments about which plaintiff complains were made by the ALJ in September of 2008, nearly two years after the ALJ held plaintiff's hearing and issued his written decision denying benefits. Clearly, then, the ALJ's comments were not directed specifically at plaintiff, nor did they pertain to his case.[3] The court also notes that plaintiff's reference to the ALJ's comments on the blog site are not a part of the administrative record in this case and are not properly before this court for review. See Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001) (holding that evidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence). For all of these reasons, the court finds that plaintiff has failed to establish that the ALJ was biased against him in conducting the administrative hearing or deciding his case.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ

---

[3] The court also notes that plaintiff has emphasized only those portions of the ALJ's comments stating his opinion that deception and falsification exist in some cases. The ALJ also clearly stated in his comments that fraudulent claims occur "occasionally-but rarely" and that the majority of claimants he sees have "some physical or mental impairment." Plaintiff fails to acknowledge that the ALJ's comments in the blog, when read as a whole, indicate a balanced perspective, rather than the biased view that plaintiff attempts to attribute to those comments.

AO 72
(Rev. 8/82)

determined that plaintiff is not disabled within the meaning of the Act.   The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.


                                   s/Gustave Diamond
                                   Gustave Diamond
                                   United States District Judge



cc:   Karl E. Osterhout, Esq.
      1789 S. Braddock Avenue
      Suite 570
      Pittsburgh, PA 15218

      Stephanie L. Haines
      Assistant U.S. Attorney
      319 Washington Street
      Room 224, Penn Traffic Building
      Johnstown, PA 15901

AO 72
(Rev 8/82)